

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-3023
Re: Effect of tax provision voted
on in a bond election in 1937
upon maximum tax authorized at
a prior election.

We received your letter and brief which is self
explanatory and same reads, in part, as follows:

"...

"On June 29, 1921 minutes of Board reflect
the following: 'The two petitions regaring the
election were presented and found twenty-two
names thereon authorizing the board to call an
election. Motion was made and carried to
accept the petitions and order an election for
July 20, 1921, "To raise the tax limit from
50¢ on the one hundred dollar valuation to
75¢, to issue bonds to the amount of $20,000".
Secretary was instructed to get out election
notices and post at three different places, also
retain one copy. J. A. Taylor appointed to
hold election.'

"...

"'It is therefore found and declared and so
ordered by the Board of Trustees of the Celeste
Independent School District that a majority
of the taxpayers voting at said election voted
in favor of the issuance of said bonds and
levying of said tax and that therefore this

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

                    73

board is authorized to issue said bonds and to
levy, assess and collect said tax.'

    "Thereafter on the 31st day of May 1937
a petition for school bond election submitting
the following proposition to the taxpayers of
said school district was presented to the board
of trustees of said school;  'Shall the Board of
Trustees of Celeste Independent School District
be authorized to issue the bonds of said school
district to the amount of $10,000--------for
the purpose of constructing and equipping six
additional class rooms and a gymnasium of brick
material, and constructing permanent repairs
to the present brick school building in said
school district, and if there shall be annually
levied and collected on all the taxable property
in said school district for the current year and
annually thereafter while said bonds or any of
them are outstanding, a tax sufficient to pay
the current interest on said bonds and pay the
principal thereof as the same shall become due.'

    "On the same day said board of Trustees
ordered an election on said proposition the ballots
for said election were ordered to be written as
follows:  'For the issuance of the bonds and levy-
ing of the tax in payment thereof'.  'Against the
issuance of the bonds and the levying of the tax
in payment thereof'.

    "The result of this election was canvassed
by the Board and show that a majority of the
voters voted for said tax.

        ". . .

    "At the present time the Celeste Independent
School District has been levying and collecting
on all property situated in said district 50¢
maintenance tax and a 50¢ bond tax.  The question
now arises what is the legal limit of the tax
that said school board may levy and collect
legally."

    We also received your letter dated January 14, 1941,
requesting an opinion on your specific request notwithstanding

the fact that in the past we may have rendered an opinion which, in effect, answered your question.

The facts, briefly stated, are these: In 1921 an election was held and carried to raise the tax limit from fifty (50) cents on the one hundred dollar valuation to seventy-five (75) cents on the one hundred dollar valuation and to issue certain bonds. In 1937 an election was held and carried to issue bonds in the amount of $10,000.00 and to levy a tax "sufficient to pay the current interest on said bonds and pay the principal thereof as the same shall become due." (Underscoring ours)

This department has held, Opinion No. O-2316, a copy of which is attached hereto, that a provision, identical with the above underscored provision, was insufficient for the purpose of authorizing an increase in the total amount that might be levied for both maintenance and bond purposes.

Based upon the facts set out in your letter, we are of the opinion that seventy-five (75) cents is the maximum tax that has been authorized by the voters of the Celeste Independent School District for the reasons set out in our Opinion No. O-2316. This is based upon the assumption that the election of 1921 setting said maximum was in conformity with the then existing laws.

Yours very truly

APPROVED JAN 22, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By Glenn R. Lewis
Glenn R. Lewis
Assistant

By Lee Shoptaw
Lee Shoptaw

LS:eaw
ENCL.

